## Shertzer's Executors *versus* Herr.

1. The Common Pleas have no right to direct an issue to try "the right to money" raised by a sheriff's sale. They have the power to direct an issue only to try any disputed fact, upon the written request of a person interested, and the issue must be confined to the facts in dispute.

2. The arrears of interest unpaid to the widow were payable out of the proceeds of the sheriff's sale, but the purchaser at that sale took the land subject to the payment of the principal sum of which the widow was entitled to the interest. See the opinion in Kline *v.* Bowman, antea 24–33.

ERROR to the Common Pleas of *Lebanon county*.

This was a writ of error taken to the judgment of the Court below, rendered by WATTS, J., holding a special Court in Lebanon county, in the matter of a special verdict in a feigned issue, directed by him between Shertzer's executors, as plaintiffs, and Samuel Herr's heirs, defendants. The issue was directed to decide who was entitled to the proceeds of sale of certain real estate sold at sheriff's sale as the property of John Bowman, junior.

[Shertzer's Executors v. Herr.]

The property sold had belonged to John Bowman, senior, deceased, father of John Bowman, junior.    See the facts of this case stated in the case of Kline v. Bowman, *antea*.

The property was sold on judgments against John Bowman, junior, which were unconnected with the partition of the estate of John Bowman, senior.    The judgments were as follows:

On the 15th December, 1848, John Killinger and John Shertzer, executors of John Shertzer, deceased, obtained judgment of revival against John Bowman, jr., for $2018.04, by agreement, on judgment of April Term, 1845.

On the 6th December, 1848, the executors of the will of Adam Ulrich, senior, deceased, also obtained judgment against John Bowman, junior, for $722, by amicable revival of original judgment of April Term, 1845.

On the 10th day of April, 1847, *David Bowman* obtained judgment against John Bowman, junior, for $354.    On the same day *Joseph Bowman* obtained two judgments against John Bowman, junior, one for $200, and the other for $400.

The land of John Bowman, which he derived as before stated, was levied and sold by the sheriff, on the 16th February, 1850, by virtue of the execution issued on the judgments of the executors of the will of Ulrich against John Bowman, and the proceeds, to wit, the sum of $3741.37, was brought into Court for distribution.

The Court appointed an auditor to distribute the fund in Court. Before him the judgment creditors of John Bowman, junior, claimed the money on their judgments.

The *heirs* of Samuel Herr, deceased, preferred before the auditor a claim under the following circumstances: The will of Samuel Herr was proved 15th August, 1806.    He directed his executors, *of whom John Bowman, senior, was one*, to sell his land, and to put one-third part of the purchase-money at interest for the use of his widow.    No direction was given as to its disposition after her death.    This third part, amounting to £738 10s. 6d., was received by John Bowman, and was unpaid at his death in 1814.

About the time of the confirmation of the sale of the real estate of John Bowman, deceased, viz., on 5th April, 1816, it was arranged by the administrators and the purchasers, that one-half of the amount due to Herr's estate should remain in the hands of John Greider, purchaser of some of the real estate of John Bowman, and the other half should remain in the hands of *John Bowman, junior*, who was one of the administrators of the estate of his father, and who had received a conveyance for a part of the estate from one of the purchasers.    The widow of Samuel Herr being dead at the time of hearing before the auditor, the heirs of Samuel Herr claimed $1970, with interest for four years, in all $2442.80, on account of the money as aforesaid left in the hands

of John Bowman, junior. It was claimed *as a lien* on the estate of John Bowman, senior. (The latter died in 1814.)

David Bowman, as the agent of his mother, the widow of John Bowman, senior, appeared before the auditor and claimed $965 as the *unpaid interest* on her thirds; but no exception was filed on her part to the auditor's report. She was living when the jury in the feigned issue was subsequently empannelled. She died about 8th or 9th August, 1850.

The auditor in May, 1850, reported in favor of the judgment creditors. Exceptions were filed on the part of the heirs of Herr, and a feigned issue was afterwards directed by WATTS, J., to try the right to the money.

August 6, 1850, a jury was empannelled, who found a special verdict, on which on September 23, 1850, WATTS, J., directed judgment to be entered *for the defendants.*

Error was assigned to the entry of the judgment.

*Fisher* and *Ulrich* were for Shertzer's executors, *Bibighaus* and *Killinger* were for other persons.

It was alleged that all of the purchase-money payable to the heirs of the estate of John Bowman, senior, was paid, except the portion charged on the land of which the widow of the said deceased was entitled to the interest. As to that third, it was alleged, that the purchaser at sheriff's sale purchased, *subject to it.*

As to the claim of Herr's heirs, for money received by John Bowman, senior, as executor of the will of Samuel Herr, deceased, it was alleged that an amount of money to pay the legacy given by the will of Samuel Herr, was left, by the arrangement referred to in the case, in the hands of John Bowman, junior, as one of the administrators of the estate of John Bowman, senior, deceased, and the former became *personally* debtor to the heirs of Samuel Herr; that it was not *a lien* on the land sold by the sheriff. (John Bowman, senior, the executor of the will of Herr, died in 1814.)

It was further contended, that the money for distribution was applicable, first, to the unpaid interest due to the widow of John Bowman, senior; and, 2dly, to the judgments against John Bowman, junior, in order.

*Weidman* and *Porter* for Herr's heirs.

The opinion of the Court was delivered, June 28th, by

LEWIS, J.—This is a writ of error to remove the record and proceedings in a feigned issue directed, not to determine any particular *fact* in dispute, but to *try the right of the plaintiff below to a portion of the money raised by a sheriff's sale.* The Act of

[Shertzer's Executors *v.* Herr.]

16th June, 1836, vests in the *Court* the authority to hear and determine all such cases; and gives no power to direct an issue, except for the decision of *facts* in dispute, connected with the distribution, and then only upon the written request of some party interested. In such case, the issue must be confined to the particular facts in dispute. It is error to frame it, as in the case before us, so as to submit to the jury the decision of the plaintiff's right to the money. That right may depend upon questions of *law* and *fact*, or, it may be, upon questions of *law alone*. The course pursued here, by reason of its tendency to produce unnecessary expense and delay, is particularly objectionable. It is the interest of the parties, and, of course, the undoubted object of the law, that an execution should be the end instead of the beginning of litigation. If the Court below, instead of directing the issue, had decreed distribution upon the report of the auditor, this Court might now make a final end of the controversy; but as our jurisdiction is only appellate, and as the case is not here on appeal from a final decree of distribution, we can only reverse the judgment below, and award a *procedendo*.

The decision this day pronounced in Kline *v.* Bowman, disposes of the question intended to be presented in this case. It was there held that the sheriff's vendee takes the land charged with the encumbrance which was payable at the death of the widow of John Bowman, deceased. It follows that no part of the money in Court can be appropriated to the payment of any part of that lien, except the annual interest which was in arrear at the time of the sale by the sheriff. This does not seem to have been allowed by the auditor. There may have been some reason for it which is not apparent to us; but, as the case is presented to us on the paperbook, his report ought to be corrected in this particular. The heirs of Samuel Herr, deceased, do not appear to have any title to payment out of the fund in Court. These opinions have been expressed in the hope that they may aid in putting an end to the controversy, without troubling the parties with another application to this Court.

Judgment reversed, and record remitted, with directions to the Court below to decree distribution according to law.